

**417**

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 0-5282
Re: Effect of Paragraph 1,
Section 1, House Bill No. 520,
Acts Regular Session, 48th
Legislature, making certain
exemptions from taxation of
property of the United States.

In your letter of May 7, 1943, relative to Paragraph 1 of Section 1, House Bill No. 520, Acts Regular Session, 48th Legislature, you request our opinion as follows:

"We respectfully request that you advise us whether this changes the present State law and takes full advantage of Federal Statutes authorizing the State of Texas to tax real property of the United States, its Agencies and Instrumentalities."

Paragraph 1 of such House Bill reads as follows:

"4. Public Property. All property, whether real or personal, belonging exclusively to the United States, provided that such exemption from taxation shall not include any real property subject to taxation under any Federal Statute applicable thereto, but such exemption shall extend to and include fixtures, machinery, or equipment owned exclusively by the United States or any of its Agents or Instrumentalities, without regard to the manner of the affixation of such fixtures, machinery, or equipment to the land or building upon

NO ... IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

· Hon. Geo. H. Sheppard, page 2

or in which such property is located, until such time as the Congress of the United States shall expressly authorize the taxation of such fixtures, machinery, or equipment.  Notwithstanding any other provisions of law, for the purpose of taxation, the term 'Real Property' as applied to property owned exclusively by the United States or any of its Agents or Instrumentalities shall not include any fixtures, machinery, or equipment without regard to the manner of the affixation of such fixtures, machinery, or equipment to the land or building upon or in which such property is located."

We believe that the above paragraph changes our present statute in at least two particulars:

(1) At present, all property owned exclusively by the United States is exempted from taxation by Section 4 of Article 7150.  The first part of Paragraph 1 exempts all property belonging exclusively to the United States, provided that such exemption from taxation shall not include any real property subject to taxation under any Federal Statutes applicable thereto.  Obviously, this is an attempt to take advantage of the Federal Statutes, which authorize states to tax "real property" of agencies and instrumentalities of the United States.  It removes an apparent conflict between those Federal Statutes and the existing State Law; however, it is believed that since the present exemption is for the benefit of the United States, and it has waived such exemption, the "real property" of such agencies and instrumentalities is now taxable under the existing State Laws.

(2) Agencies and instrumentalities of the United States have the same implied constitutional immunity from taxation as the Federal Government itself, but the latter part of Paragraph 1 of this Act exempts "agents or instrumentalities" of the United States.  Since individuals and private corporations can be "agents" of the United States, we believe that this creates an exemption of an entirely new class and one not contemplated either by State or Federal Law.  It is conceivable that this would work an irreparable injury to the taxing power of the State of Texas, inasmuch as many individuals and private corporations are now acting as agents of the United States and such act would grant them certain exemptions from taxation.

419

Hon. Geo. H. Sheppard, page 3

In view of the fact that most Federal Statutes authorizing state taxation of real property of the agencies and instrumentalities of the United States do not define "real property", we believe that such terms are to be interpreted as at common law. The common law pertaining to fixtures is that machinery and equipment, which is permanently affixed to the real estate in such manner as to manifest an intention that it shall become a part thereof, is taxable as "real property". We respectfully submit that the above paragraph of such Act does not take full advantage of the Federal Statutes where Congress has consented to and authorized the states to tax real property of the agencies and instrumentalities of the United States, because it is believed that at present fixtures, machinery and equipment are included in and contemplated by the term "real property", and the latter part of this paragraph creates an exemption where none e existed before.

We are of the opinion that if the underscored portion of such Paragraph 1 is retained and the latter part not underscored is deleted, this will remove the existing apparent conflict between the present State and Federal laws and accomplish the purpose of the Bill as set out in the emergency clause.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Thos. B. Duggan, Jr._
Thos. B. Duggan, Jr.
Assistant

TBD:AMM

APPROVED MAY 8, 1943

ATTORNEY GENERAL OF TEXAS